OVERTON, J.
 

 Elizabeth King was tried, convicted, and sentenced to the penitentiary for life for murdering Sarah Henderson.
 

 During the progress of the trial, the state attempted to prove that a difficulty occurred between the accused and the deceased some two or three weeks before the homicide was committed, and also offered evidence to establish that the accused, at about the same period before the killing, made a threat against the deceased. The evidence was offered to show malice, and was twice objected to on the ground of irrelevancy by defendant. The objections urged were overruled by the court.
 

 The evidence objected to is to the effect that, while the deceased was approaching defendant’s home on her way to her mother’s, defendant, who was sitting on her gallery, jumped down from it, picked up two brickbats, and, as the deceased passed, said to her, “You are daring; you are a bully.” A few minutes later,' the accused was seen walking on the sidewalk in the direction of the home of the mother of the deceased, armed with a revolver, at which time she said, apparently addressing the witness who testified to the foregoing facts, and out of the presence of the deceased, “The next time she passes here, I am going to kill her.”
 

 The coprt was correct in overruling the objections to this evidence. It is elementary that evidence of prior difficulties between the accused and the deceased, and of prior hostile acts committed and threats made by the former against the latter are admissible for the purpose of showing that the accused, in killing the deceased, acted with malice aforethought. Nor is such evidence objectionable, because the difficulty occurred, or because the hostile act was committed, or because the threat was made, some two or three weeks before the homicide ; nor is it material whether the threat was made in or out of‘the presence of the deceased, or that the deceased knew that the threat had been made. The. rule is thus stated in Marr’s Criminal Jurisprudence (2d Ed.) p. 99:
 

 “To show malice and motive, evidence of a pre-existing enmity between accused and deceased, of a prior attempt of accused on the life of deceased, and of defendant’s threats against and of his quarrels and difficulties with deceased, is admissible in evidence, whether such threats were ever communicated to deceased or not. No mere distance of time should make defendant’s threat irrelevant. Time may be considered, but is not conclusive; thus, a threat made 17 days
 
 prior to
 
 the killing is not too remote, the occasion of the threat being suggestive; for example, anger caused by the loss of a lawsuit. So evidence that accused and deceased had had a difficulty about five months before the homicide is admissible to show motive.”
 

 Defendant also excepts to the evidence offered to show the threat, for the reason that, in her view, instead of its showing that she made the threat, it shows that the deceased made it against her. Were we to look at only one of the answers of the wit
 
 *975
 
 ness to the question, propounded to him, to show the threat, the evidence would seem to show that the deceased made it, for in answering one of the questions the witness apparently, from inadvertence, or because confused, said that the deceased, referring to her by name, made the hostile remark. However, in answering the next question, the witness, in effect, corrected the -error made by him by answering that the accused made the threat. Hence there is not the least merit to this objection.
 

 The next bill reserved is one taken to' the . overruling pf a motion for a new trial-The bill is not mentioned in defendant’s brief. It brings up nothing -that this court can review, except what it has already reviewed.
 

 For the reasons assigned, the judgment appealed from is affirmed.